COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| | § | No. 08-11-00337-CV |
| | § | Appeal from the |
| IN THE INTEREST OF M.E.W., A CHILD | § | 388th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2010CM2433) |
| | § | |

## **MEMORANDUM   OPINION**

On May 21, 2012, the parties filed a joint motion stating that they have agreed to the entry of a final order incorporating the terms of a Mediated Settlement Agreement in their suit affecting the parent-child relationship and asking that we remand this case to the trial court for rendition of a final judgment in accordance with their agreement.[1]  *See* TEX.R.APP.P. 42.1(a)(2)(B)(permitting appeals court to dispose of appeal by setting aside the trial court's judgment and remanding the case to the trial court for rendition of judgment in accordance with the parties' agreement); TEX.R.APP.P. 43.2 (d)(permitting appeals court to reverse the trial court's judgment and remand the case for further proceedings).

Because the parties and their attorneys signed the settlement agreement and filed it with the Clerk of this Court, we grant the motion.  *See* TEX.R.APP.P. 42.1(a)(2)(requiring settlement

---

[1]  Because the agreed final order did not contain the signature of the amicus attorney appointed by the trial court to this case, we held our ruling in abeyance to provide the amicus attorney the opportunity, if she so chose, to respond.  *See* TEX.FAM.CODE ANN. § 107.003(1)(I)(West 2008)(requiring an amicus attorney appointed in a suit affecting the parent-child relationship, among other duties, to "review and sign, or decline to sign, a proposed or agreed order affecting the child.").   The amicus attorney did not respond.

agreement to be signed by the parties or their attorneys and filed with the clerk before appeals court can dispose of appeal in accordance with the agreement). Without reference to the merits, the judgment of the trial court is set aside and the case is remanded to the trial court for rendition of a final judgment in accordance with the parties' agreement. Finally, we do not address the matter of costs inasmuch as Aracely Barraza has been determined indigent for purposes of this appeal.

July 31, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.